UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

GREGORY FLOWERS            )
                          )
        v.                )    Cause No. 3:07-CV-596 RM
                          )   (Arising out of 3:04-CR-42(01)RM)
UNITED STATES OF AMERICA   )

<u>OPINION AND ORDER</u>

Following a three-day jury trial, Gregory Flowers was convicted of possession within 1,000 feet of a protected area with intent to distribute cocaine base (Count 1) and marijuana (Count 2) and of possession of a firearm during and in relation to those crimes (Count 3). On October 14, 2004, the court sentenced Mr. Flowers to 168 months imprisonment, and he timely appealed his sentence. The court of appeals vacated the sentence and remanded, and the court resentenced Mr. Flowers to 130 months imprisonment. Mr. Flowers filed a second notice of appeal, and the court of appeals affirmed his sentence. Mr. Flowers now seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the court grants Mr. Flowers' petition to vacate his conviction and sentence.

BACKGROUND

On March 17, 2004, St. Joseph County Superior Court Judge Ronald Chamblee issued a search warrant for the residence located at 1435 East Campeau Street in South Bend, Indiana. Judge Chamblee relied on an affidavit prepared by Corporal Rick Ruszkowski of the South Bend Police Department's

Neighborhood Enforcement Service Team, or "NEST" unit. According to Corporal Ruszkowski, the NEST unit had received information from known sources that crack cocaine had been and was currently being sold out of the residence. The reports claimed that individuals would park or walk up to the residence, enter, and leave a short time later. This same information was received through the NEST tip line. Corporal Ruszkowski himself conducted surveillance on the Campeau Street residence and saw three vehicles and two persons on foot arrive and leave the residence in a short period of time. After making these observations, Corporal Ruszkowski claims that NEST officers stopped an individual (hereinafter referred to as the "confidential source" or "CS") leaving the residence and found the CS to be in possession of a substance that field-tested as crack cocaine that he said he purchased at 1435 East Campeau Street.

Based on this information, Corporal Ruszkowski prepared a probable cause affidavit, and Judge Chamblee issued search warrant on March 17, 2004. South Bend Police officers executed the warrant the same day and arrested Mr. Flowers inside the residence. The officers also seized the evidence that formed the basis for Mr. Flowers' conviction, including firearms, evidence of domain, currency, and substances that tested positive for marijuana and cocaine, both of which were packaged in a manner that the government deemed consistent with distribution.

A grand jury returned a three-count indictment against Mr. Flowers. Count I charged Mr. Flowers with possession with intent to distribute cocaine base ("crack") within 1,000 feet of real property comprising of a public or private

2

elementary, vocational, or secondary school, or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, in violation of 21 U.S.C. §§ 841(a)(1) and 860. Count 2 charged Mr. Flowers under the same statutes with possession and intent to distribute less than 50 kilograms of marijuana, and Count 3 charged Mr. Flowers with possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). Mr. Flowers pleaded not guilty to all charges.

Before trial, Mr. Flowers' counsel, Arvil Howe, moved to suppress the evidence obtained by the search warrant executed at Mr. Flowers' residence, arguing that Corporal Ruszkowski's affidavit did not provide probable cause. The motion also alleged that there was no evidence to establish the credibility or reliability of the cooperating source mentioned in the affidavit. Following a hearing, the court denied Mr. Flowers' motion, concluding that the totality of the circumstances presented to Judge Chamblee in the search warrant affidavit, including information from known sources, tips, surveillance, and a pedestrian stop, amounted to probable cause for the warrant to issue. The court further noted that the information in the probable cause affidavit didn't rest solely on the word of the CS.

Mr. Flowers proceeded to trial on all counts of the indictment. At trial, the government offered the testimony of Officer Thomas Cameron, who testified that Mr. Flowers' residence was "within a thousand feet of a public park" named "Alexis Coquillard Park." Trial Tr., from July 7, 2004 at 242. After the government

3

rested its case, Mr. Flowers' trial counsel moved for a judgment of acquittal on Counts 1 and 2 on the argument that the government didn't prove that Mr. Flowers had possession of the drugs in question or that he intended to distribute them. Mr. Howe didn't challenge the sufficiency of the evidence regarding whether Mr. Flowers' residence was within 1,000 of a protected area nor did he renew his motion at the close of all the evidence.

The jury found Mr. Flowers guilty on all three counts of the indictment, and the court sentenced him to 168 months imprisonment. Mr. Flowers filed a timely notice of appeal through his appellate counsel, Robert Truitt, arguing that the court miscalculated the drug quantity used to determine his sentence by including the weight of the packaging. The court of appeals agreed, vacated Mr. Flowers' sentence, and remanded the case for resentencing. The court resentenced Mr. Flowers to 130 months' imprisonment and eight years supervised release. Mr. Flowers appealed again, but the court of appeals affirmed his sentence on September 5, 2006. Mr. Flowers filed no petition for writ of certiorari with the United States Supreme Court. On December 4, 2007, Mr. Flowers filed this motion under 28 U.S.C. § 2255 seeking relief for his conviction and sentence based on three separate claims of ineffective assistance of counsel.

ANALYSIS

"The court may vacate or correct [Mr. Flowers'] sentence if he can show that the district court sentenced him in violation of the Constitution or laws of the

4

United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack," Hays v. United States, 397 F.3d 564, 566-567 (7th Cir. 2005) (citations and quotations omitted), but such relief is "reserved for extraordinary situations." Id. at 566. Mr. Flowers contends that he received ineffective assistance of counsel throughout his trial and appellate proceedings, thereby justifying his claim for relief under § 2255.

*Availability of Relief Under Section 2255*

As an initial matter, the government makes several arguments that Mr. Flowers is procedurally barred from seeking relief under § 2255. In its first response, the government contends that Mr. Flowers' petition is barred because the one-year period of limitations under § 2255 began to run on September 5, 2006, when the court of appeals affirmed his conviction. Mr. Flowers correctly replies that post-conviction requests must be filed within one year of the final conviction date, and convictions become final when the time for filing a petition to contest the appellate court's decision expires. *See* Clay v. United States, 537 U.S. 522, 525 (2003); *see also* Latham v. United States, __F.3d__, 2008 WL 2200110, at *1 (7th Cir. May 29,2008) (stating "that a federal conviction becomes 'final' with the expiration of time to file a petition for a writ of certiorari."). The court of appeals affirmed Mr. Flowers' conviction on September 4, 2006, and a petition for writ of certiorari would have been due on December 5, 2006. *See* Supreme Court Rule 13.1 (stating that a party has 90 days after entry of judgment

5

by an appellate court to file a petition). Accordingly, Mr. Flowers' § 2255 motion, filed on December 4, 2007, was timely.

In its second response, the government contends that Mr. Flowers should have raised his ineffective assistance of counsel claims on direct appeal. (*citing* Dugan  v. United States, 18 F.3d  460, 464 (7th Cir. 1994)). The government maintains that given the nature of Mr. Flowers' claims, and that he had separate trial and appellate counsel, there is no reason why his claims couldn't have been raised on either of his two direct appeals. An "ineffective assistance of counsel claim may be brought in a collateral proceeding under section 2255 whether or not the petitioner could have raised the claim on direct appeal." United States v. Harris, 394 F.3d 543, 557-558 (7th Cir. 2005) (*citing* Massaro v. United States, 538 U.S. 500, 504-505 (2003) ("When an ineffective-assistance claim is brought on direct appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating and preserving the claim and thus often incomplete or inadequate for this purpose.")). As such, "only the rarest and most patently egregious of ineffective assistance claims are appropriately brought on direct appeal because there is no risk of delaying until a fully developed record is made." United States v. Harris, 394 F.3d at 558; *see also* United States v. Wilson, 240 Fed Appx. 139, 143 (7th Cir. 2007) (holding that the court of appeals usually does not consider claims of ineffective assistance on direct appeal because the record is not fully developed). In addition, Mr. Flowers relies on evidence outside the appellate record, further justifying that he be

allowed to raise his claims for the first time in a § 2255 petition. *See* McCleese v. United States, 75 F.3d 1174, 1178 (7th Cir. 1996).

*Ineffective Assistance of Counsel Claims*

The Sixth Amendment provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend. VI. An attorney must not only be present with a criminal defendant at his trial, but must also assist the defendant in a way that ensures the trial is fair. Strickland v. Washington, 466 U.S. 668, 685 (1984). To establish ineffective assistance of counsel, Mr. Flowers must show that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) but for counsel's unprofessional errors the result of the proceeding would have been different. Id. at 687.

Mr. Flowers must point to specific acts or omissions by his counsel that constitute ineffective assistance, and the court must determine whether these acts or omissions were made outside the wide range of professionally competent assistance. Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). Deficient performance is "measured against an objective standard of reasonableness, under prevailing professional norms." Rompilla v. Beard, 545 U.S. 374, 380 (2005) (citations omitted). In making this determination, the court considers "the reasonableness of counsel's conduct in the context of the case as a whole, viewed at the time of the conduct . . . ." United States v. Lindsey, 157 F.3d 532, 534-535

7

(7th Cir. 1998); *see also* <u>Hough v. Anderson</u>, 272 F.3d 878, 891 (7th Cir. 2001) (holding that the court must consider the totality of the evidence before the judge). There is a strong presumption that "any decisions by counsel fall within a wide range of reasonable trial strategies." <u>United States v. Lindsey</u>, 157 F.3d at 534-535. "Even if counsel's performance was deficient, [Mr. Flowers] must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.'" <u>Eckstein v. Kingston</u>, 460 F.3d 844, 849 (7th Cir. 2006) (*quoting* <u>Strickland v. Washington</u>, 466 U.S. at 694).

To establish prejudice under the second prong, "the unprofessional errors of counsel must be so egregious 'that the trial was rendered unfair and the verdict rendered suspect.'" <u>Rodriguez v. United States</u>, 286 F.3d 972, 983 (7th Cir. 2002) (citation omitted).

Mr. Flowers argues that his attorneys were ineffective during his trial, appeal, and sentencing. Mr. Flowers asserts that his trial counsel was ineffective for not seeking suppression of the search warrant that led to his arrest and that both his trial and appellate counsel were ineffective in not challenging the government's failure to prove that his residence was within 1,000 feet of a protected area as required by 21 U.S.C. § 860.

*Search Warrant Claims*

Mr. Flowers claims that his trial counsel was ineffective because he failed

to move to suppress the search warrant on several grounds. First, Mr. Flowers alleges that his trial counsel omitted the argument that the search warrant was invalid because it wasn't signed by a "neutral and detached magistrate." Mr. Flowers states that he was formerly a tenant in a rental property owned by the issuing magistrate, Judge Chamblee, and that Judge Chamblee previously recused himself in a case in which Mr. Flowers was the defendant and was represented by the same counsel. While the Constitution requires search warrants to be signed by a neutral and detached magistrate, Coolidge v. New Hampshire, 403 U.S. 443, 453 (1971), Mr. Flowers hasn't shown that his counsel's decision not to object to the search warrant on these grounds constitutes ineffective assistance.

Attorneys have "no duty to make a *frivolous* argument," United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003), and courts generally decline to second guess the strategic choices of attorneys. *See* United States v. Pergler, 233 F.3d 1005, 1009 (7th Cir. 2000) ("When reviewing ineffective assistance of counsel claims, we presume that the attorneys made reasonable judgments and decline to second guess strategic choices."). Attorneys may have a "tactical reason not to make weak arguments . . . [which] may distract the court from the strong arguments and as a result make it less likely to rule in the defendant's favor." Id.

Mr. Flowers' trial counsel made a reasonable, strategic decision not to object to the validity of the search warrant on the ground that Judge Chamble issued it. When making his probable cause determination, Judge Chamblee was presented

9

with an affidavit from Corporal Ruszkowski, which described the property to be searched and stated only that "there is believed to be a male black described as being in his middle 50's, small build and having a dark skin complexion, approx. 5'7'"tall, with long shoulder dark hair, and only known to the party as 'TECH.'" The affidavit didn't name Mr. Flowers, and Mr. Flowers hasn't produced evidence that connects Judge Chamblee to the residence at 1435 East Campeau Street or tends to show that Judge Chamblee knew the affidavit referred to Mr. Flowers. Mr. Howe moved to suppress the search warrant based on a stronger argument—the existence of probable cause—and the court declines to second guess this strategy. Moreover, Mr. Flowers hasn't affirmatively established that but for his counsel's failure to raise this particular argument, the result of the proceedings would have been different. *See* Strickland v. Washington, 466 U.S. at 693-694.

Second, Mr. Flowers contends that his trial counsel was ineffective for not moving to suppress the search warrant because it allegedly contained false statements material to the finding of probable cause. A search warrant is invalid if the supporting affidavit contains knowing or intentionally false statements or statements made with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154 (1978). Mr. Flowers claims that the search warrant in this case is invalid because Corporal Ruszkowski's probable cause affidavit contained false statements related to the information gathered from the CS. The affidavit states that the CS was stopped within a few blocks of Mr. Flowers' residence and was found to have crack cocaine he claimed he purchased from Mr. Flowers. Mr.

Flowers, on the other hand, contends that the CS was working for the police when he approached the residence and that he told police that he purchased the crack cocaine from a female. Mr. Flowers further maintains that the police paid the CS to be a confidential informant by providing him with a pint of gin and a pack of cigarettes and promising not to pursue other charges against him. Mr. Flowers believes that further investigation by his trial counsel would have revealed that the information in the affidavit was false, so counsel should have moved to suppress the search warrant under Franks v. Delaware.

Contrary to Mr. Flowers' suggestion, trial counsel's decision not to object to the search warrant on these grounds doesn't constitute ineffective assistance. *See* Stevens v. McBride, 489 F.3d 883, 890 (7th Cir. 2007) ("The choice not to investigate a particular defense does not constitute deficient performance if the lawyer has made a reasonable decision that makes particular investigations unnecessary."). Even if Mr. Flowers could show that trial counsel's lack of investigation resulted from incompetence rather than strategic restraint, he hasn't shown that pursuing a Franks argument would have resulted in suppression. The court made clear at the suppression hearing that "probable cause, if any, would not be based entirely on the hearsay statements of the person identified as CS." Suppression Hearing Tr., at 21. Instead, the court found that the totality of the circumstances presented in the affidavit, including corroborative information from four discrete sources, amounted to probable cause for the search warrant to issue. Mr. Flowers hasn't presented convincing evidence that further investigation

regarding the veracity of the CS's statements would have had an effect on the outcome of the proceedings. Accordingly, any omissions by trial counsel were not prejudicial, and Mr. Flowers has not met his burden on his claim of ineffective assistance.

*Proof of Statutory Elements*

Mr. Flowers also claims that both his trial and appellate counsel were ineffective for not challenging the government's failure to prove that his residence was within 1,000 feet of a protected area. 21 U.S.C. § 860(a) requires an individual in possession of a controlled substance with the intent to distribute to be within 1,000 feet of either a school, playground, or housing facility owned by a public housing authority. 21 U.S.C. § 860(a). A playground is defined as:

> "[A]ny outdoor facility (including any parking lot appurtenant thereto) intended for recreation, open to the public, and with any portion thereof containing three or more separate apparatus intended for the recreation of children including, but not limited to, sliding boards, swingsets, and teeterboards."

21 U.S.C. § 860(e)(1).

While this circuit hasn't specifically considered the statutory definition of a playground, other circuits agree that the government must present evidence that the alleged protected area contains the type of equipment defined in 21 U.S.C. § 860(e)(1) to sustain a conviction. *See* United States v. Parker, 30 F.3d 542, 552 (4th Cir. 1994) (holding that the court must focus on whether possession took place near a playground as intended by the four-part statutory definition, rather

12

than focusing on the everyday sense of the word "playground"); <u>United States v. Smith</u>, 157 F.3d 380, 382 (10th Cir. 1993) (reversing conviction under § 860 because the government failed to prove that Tonsler Park contained the type of playground equipment cited in the statutory definition); *see also* <u>United States v. Alvarez</u>, 451 F.3d 320, 327 (5th Cir. 2006) (holding that the jury's finding that the offenses took place within 1,000 feet of a playground wasn't supported by sufficient evidence because the testifying officers "gave no indication that the park qualifies as a 'playground' as Congress defined the term."). The government, then, must prove beyond a reasonable doubt that the area is: 1) an outdoor facility, which is 2) intended for recreation, 3) open to the public, and 4) includes three or more separate apparatus intended for the recreation of children. <u>Id.</u>

At trial, Officer Cameron testified that 1435 East Campeau Street is within 1,000 feet of a "school, park, public housing facility or the like," named Alexis Coquillard Park, described as "a public park in the South Bend Parks Department." Trial Tr., from July 7, 2004 at 242. Officer Cameron didn't provide further testimony regarding the physical characteristics of Alexis Coquillard Park, nor did the government present additional testimony, photographs, or other evidence showing that Alexis Coquillard Park contains any child-play apparatus. Based on the testimony elicited at trial, no rational trier of fact could have found beyond a reasonable doubt that Mr. Flowers' drug activity took place within 1,000

feet of a playground as defined by § 860.[1] Accordingly, there was insufficient evidence to support Mr. Flowers' convictions on Counts 1 and 2, and his trial and appellate counsels' failures to challenge the sufficiency of the evidence were objectively unreasonable and prejudiced Mr. Flowers as a result.

Because Mr. Flowers has proven an instance of ineffective assistance of counsel justifying post-conviction relief, the court may vacate or correct his sentence under § 2255. United States v. Smith, 103 F.3d 531, 533 (7th Cir. 1996) (holding that the district court has the authority to restructure the entire sentence when the case is before the court pursuant to § 2255). The evidence adduced at trial was sufficient to convict under § 841 but not under § 860, and § 841(a) is a lesser included offense of § 860(a). *See* Williams v. United States, 150 F.3d 639 (7th Cir. 1998); *see also* United States v. Smith, 13 F.3d at 383; United States v. Freyre-Lazaro, 3 F.3d 1496, 1507 (11th Cir. 1993). Therefore, the court is empowered to reduce Mr. Flowers' § 860 conviction, which was based on insufficient evidence, to a § 841 conviction.

For the reasons stated above, the court GRANTS Mr. Flowers' §2255 petition to vacate his conviction [Doc. No. 87] on Counts 1 and 2 and sets this cause for resentencing, the date of which will be set under separate order, at which time the court will enter judgment of conviction under 21 U.S.C. § 841(a)(1).

SO ORDERED.

---

[1] Moreover, the government admits in its second response that it "has no evidence contrary to which was submitted by Mr. Flowers" on this issue.

ENTERED: June 10, 2008

　　　　　/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court